## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CR-137-GKF |
| ) | |
| RICHARD GLEN SIMON, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Before the court is the Motion to Suppress [Doc. No. 36] of defendant Richard Glen Simon. For the following reasons, the motion is denied.

### I. Background

On July 20, 2016, the Osage County Sherriff's Office executed a search warrant at 92 Tilley Lane, Prue, Oklahoma. Among other things, officers recovered an SKS-model rifle, various ammunition, and drug paraphernalia, for which Mr. Simon now stands accused of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm and Ammunition. [Doc. No. 14]. The search warrant issued pursuant to an affidavit submitted by Deputy Ronnie Stevens to Osage County Special District Judge Stuart Tate. [Doc. No. 36-1, p. 2]. In relevant part, the affidavit recited: Deputy Steven's education and police experience; items to be seized—namely, firearms, ammunition, and drug paraphernalia; the location of those items; a police dispatch to Mr. Simon's home; Mr. Simon's arrest; eyewitness accounts of the alleged crimes; and Mr. Simon's criminal history. [*Id.* at 1–2]. After conducting a telephonic hearing, Judge Tate approved the warrant. [Doc. No. 39-3].

Mr. Simon argues that evidence seized during the July 20, 2016, search should be suppressed because the affidavit underlying the search warrant: (1) lacks source attribution and indicia of reliability; and (2) contains material statements and omissions that were intentionally or recklessly false.

This court initially denied Mr. Simon's request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), by order dated March 9, 2017. [Doc. No. 42]. However, following a proffer by defense counsel of time-stamped photographs, the court reconsidered that ruling, vacated the March 9, 2017 order, and permitted the *Franks* hearing.

On March 20, 2017, following a hearing pursuant to Fed. R. Crim. P. 12(b)(3)(c) (suppression) and *Franks*, the court orally denied Mr. Simon's motion. This written order follows.

## II. Probable Cause

"A search warrant can issue only upon a showing of probable cause." *United States v. Long*, 774 F.3d 653, 658 (10th Cir. 2014). To that end, an affidavit must establish "'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Freerksen*, 457 F. App'x 765, 768 (10th Cir. 2012) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). In determining probable cause, courts consider "the totality of the circumstances," *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001), but an affidavit need not include every possible fact, however tangential, that might bear on that determination, *United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997).

On review, a court analyzes an affidavit "with common sense," not "hypertechnical scrutiny." *United States v. Williams*, 605 F.2d 495, 497 (10th Cir. 1979). And great "deference [is] given . . . to the prior determination of probable cause by the issuing authority." *United*

*States v. Barrera*, 843 F.2d 1576, 1581 (10th Cir. 1988); *United States v. Crawford*, No. 09-CR-26-CVE, 2009 WL 1346605, at *7 (N.D. Okla. May 13, 2009). Indeed, a "substantial basis" for probable cause is all the Constitution requires. *See Crawford*, 2009 WL 1346605, at *7 (citing *United States v. Perrine*, 518 F.3d 1196, 1201 (10th Cir. 2008)).

It is "well[-]established" that "an affidavit for a search warrant may be based on hearsay." *United States v. McCoy*, 478 F.2d 176, 179 (10th Cir. 1973); *see also United States v. Mathis*, 357 F.3d 1200, 1204 (10th Cir. 2004) ("[M]ultiple layers of hearsay may support a finding of probable cause[.]"). "Indeed, such is usually the case." *McCoy*, 478 F.2d at 179. Specifically, officer accounts of eyewitness observations are "amply sufficient to permit the magistrate to exercise his independent judgment as to the reliability of the various sources of information." *See id.* (affirming probable cause finding based upon FBI's account of eyewitness observations).

Deputy Stevens's affidavit [Doc. No. 36-1] provides a "substantial basis" for probable cause in this case. It states that—around the time of Mr. Simon's arrest—law enforcement officers "interviewed witnesses" who observed Mr. Simon's assault using "a[n] SKS style assault rifle." [Doc. No. 36-1, p. 2]. It further states that "the victim [of the assault] was able to leave the residence and contact law enforcement." [*Id.*]. In a telephone colloquy,[1] Deputy Stevens identified Mrs. Simon as the victim described in the affidavit. [Doc. No. 39-3, p. 6] ("THE COURT: All right . . . [D]o we know the name of the victim? DEPUTY STEVENS: The victim is the defendant's wife."); [*id.* at 6–7] ("THE COURT: Okay . . . [W]ithin the affidavit, the victim is the defendant's wife. That person is the same person? DEPUTY STEVENS:

---

[1] Oklahoma law requires that if a proposed search warrant is communicated telephonically, the conversation shall "be audio-recorded, transcribed and filed together with the warrant . . ." 22 O.S. § 1225(B)(1)(b).

3

Yes."). It was on that basis that Judge Tate found probable cause to issue the search warrant. [*Id.* at 6–7].

An issuing magistrate may "draw reasonable inferences from the material provided in the warrant application." *See United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999) (quotations and citation omitted). And here, it was reasonable for Judge Tate to infer that Mr. Simon's wife—the victim of the alleged assault—provided details of the alleged assault when she contacted law enforcement. *See Nolan*, 199 F.3d at 1183. Together, the affidavit and telephone colloquy establish that, after the alleged assault, Mrs. Simon contacted law enforcement and reported that: (1) she had been assaulted by Mr. Simon with an assault rifle; (2) the assault occurred at Mr. Simon's residence; and (3) there was a .243 caliber hunting rifle inside the residence, and a controlled substance smoking pipe next to Mr. Simon's bed. [Doc. No. 36-1, p. 2]; [Doc. No. 39-3, pp. 6–7]. Indeed, the affidavit explicitly identifies Mr. Simon's wife as the source for information concerning the hunting rifle and controlled substance smoking pipe. [Doc. No. 36-1, p. 2]. Accounts like these—even if relayed through law enforcement intermediaries—establish the source and basis of the affiant's knowledge, and independently support the magistrate's finding of probable cause, whatever the import of the remaining unidentified witnesses. *See United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) ("[P]robable cause may be founded upon hearsay."); *McCoy*, 478 F.2d at 179; *Mathis*, 357 F.3d at 1204.

Moreover, Mr. Simon's discussion of warrantless entries is a red herring. The government acknowledges that Deputy Burke conducted a protective sweep of Mr. Simon's residence prior to his arrest. [Doc. No. 39, p. 5]. But nothing suggests information from the sweep was related to Judge Tate. [Doc. No. 36-1]. Any in any event, Mr. Simon does not

4

challenge the propriety of the sweep.  Mr. Simon also argues a search of his residence began at 11:46 a.m. when Officer Goode returned to the residence after transporting Mr. Simon to the county jail but prior to issuance of the warrant at 12:39 p.m.  Even if factually correct, the argument lacks merit.  Put simply, the timing distinction makes no constitutional difference.  Because the warrant properly issued, and was supported by probable cause, the contraband Mr. Simon seeks to suppress would inevitably have been discovered.  *See United States v. Christy*, 739 F.3d 534, 540–43 (10th Cir. 2014).[2]  Accordingly, suppression is wholly unwarranted.

### III. Alleged Misstatements & Omissions

A search warrant is voidable if it contains intentionally or recklessly false statements or omissions that affect the outcome of a probable cause determination.  *See Franks*, 438 U.S. at 171–72; *Stewart v. Donges*, 915 F.3d 572, 581–83 (10th Cir. 1990).  But *Franks* establishes a high bar—"[a]llegations of negligence or innocent mistake are insufficient."  *See Franks*, 438 U.S. at 171.  When confronted with a false statement or omission, courts "(1) remov[e] any false information from the affidavit, (2) include[e] any omitted material information, and (3) inquir[e] whether the modified affidavit establishes probable cause."  *See Puller v. Baca*, 781 F.3d 1190,

---

[2] The court specifically rejects defense counsel's suggestion that Deputy Burke relayed necessary information for the affidavit—including the presence of the SKS—as he conducted an illegal search.  Mr. Simon contends that time-stamped photographs of Mr. Simon's residence accurately reflect the moment at which pictures were taken.  Even if the time-stamps are accurate, which Deputy Burke and Officer Goode deny, Mr. Simon's narrative is undermined.  Indeed, the time-stamps reveal that photographs of the controlled substance pipe, SKS assault rifle, and certain ammunition were not taken until *after* a copy of the affidavit was transmitted to Judge Tate at approximately 12:08 p.m., *compare* [SIMON-0055, SIMON-0058-0059] *with* [SIMON-00151-SIMON-00153], and *after* the search warrant issued at 12:39 p.m., [SIMON-0075, SIMON-0083-0085], respectively.  *See United States v. Souza*, 223 F.3d 1197, 1205–06 (10th Cir. 2000) (noting that efforts to obtain warrant prior to allegedly illegal search favored application of inevitable discovery exception).  Accordingly, "the warrant and eventual seizure were not tainted by" any alleged initial illegality.  *See Christy*, 739 F.3d at 541.

1197 (10th Cir. 2015). Mr. Simon alleges a number of inaccuracies and omissions. None, however, invalidate the search warrant.

*First*, Mr. Simon does not dispute the fact that witnesses informed police about the alleged assault of Mr. Simon's wife, or his possession of firearms, ammunition, and drug paraphernalia. [Doc. No. 36, p. 5] (acknowledging "some interviews reported . . . by Deputy Burke"). Rather, he argues that the affidavit misstates the *timing* of the interviews. [*Id.* at 5–6]. Nothing suggests the timing discrepancy with regard to the interviews was an intentional or reckless falsehood. And the court credits Deputy Stevens's testimony to that effect.[3] As previously discussed, the court rejects any contention that interviews did not take place until after preparation of the search warrant. *See supra*, at 5, n. 2. Therefore, the court credits the testimony of Deputy Burke—a responding deputy sheriff—that he interviewed the witnesses described in the affidavit prior to any entry into Mr. Simon's home.

*Second*, Mr. Simon argues that the affidavit recklessly omits reference to Deputy Burke's protective sweep and alleged warrantless search of his home. The court is unpersuaded. To start, Deputy Stevens—not Deputy Burke—prepared the affidavit of probable cause. And nothing suggests Deputy Stevens had any knowledge of any allegedly unlawful search. That is unsurprising. Time-stamps show that Judge Tate received and approved the affidavit and warrant before the allegedly unlawful search of Mr. Simon's home was completed. *See*

---

[3] In passing, Mr. Simon also suggests the statement that Deputy Stevens "became involved" with the case on July 20, 2016, was misleading because he only assisted in preparation of the search warrant. [Doc. No. 36, p. 5]. It is not. Deputy Stevens did, in fact, become involved in Mr. Simon's case on July 20, 2016. And the omission of additional information about the scope of his involvement does not vitiate probable cause. Indeed, the statements of Mr. Simon's wife provide a "substantial basis" for the warrant in this case. *See Crawford*, 2009 WL 1346605, at *7 (citing *United States v. Perrine*, 518 F.3d 1196, 1201 (10th Cir. 2008)); *Sanchez*, 725 F.3d at 1247. For similar reasons, any argument that the affidavit recklessly omitted reference to Deputy Vaughan also fails.

[SIMON-0055-SIMON-0067]; [SIMON-0068-SIMON-0092]; [SIMON-00151-SIMON-00153]; [Doc. No. 39-3, p. 9].  But more fundamentally, whatever omissions may have occurred, the affidavit establishes ample probable cause for the issuance of the search warrant, specifically through information provided by Mr. Simon's wife.  *See Puller*, 781 F.3d at 1197.

WHEREFORE, Mr. Simon's Motion to Suppress [Doc. No. 36] is denied.

IT IS SO ORDERED this 22nd day of March, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT